I respectfully dissent from the majority's opinion that the trial court did not abuse its discretion in awarding prejudgment interest from the date of the accident, July 4, 1994. In support of its decision, the majority, as well as the trial court in its judgment entry filed October 11, 2000, cites the case of Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339. In Trena M. Nichols, nka Brown v. Milwaukee Insurance
Company (August 21, 2000), Stark App. No. 2000CA00066, unreported, I examined the Landis case and determined the Supreme Court of Ohio concluded in the dicta of the opinion that when "uninsured/underinsured benefits are available, the benefits should have been paid when the party applied for said benefits." Nichols at 4.
In the case sub judice, the accident occurred on July 4, 1994. The trial court found appellee notified appellant on April 16, 1996 "that there would be an underinsurance claim due to the settlement offer from the tortfeasor's insurance company. In July, 1999, Plaintiff [appellee] demanded underinsurance coverage." See, Judgment Entry filed October 11, 2000 at 4. Appellee filed her complaint for declaratory judgment on December 20, 1999.
In determining the trigger date, the trial court construed the policy language in light of Landis, and acknowledged "there are differing opinions on this trigger date by other courts." The trial court concluded "[i]n looking at the totality of the circumstances in the instant matter, this Court finds that the trigger date is the date of the accident * * *." As in Nichols at 5, I find "[w]hen the trial court chose the date of the accident, he had no basis in fact to determine said date was the date of the first notice or demand for payment." In fact, the trial court's own recitation of the facts establish first notice was not the date of the accident.
As I concluded in Nichols, I would "remand this case to the trial court to decide when the first notice or demand was made upon appellant, and calculate the interest accordingly."